**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**PARALLEL IRON, LLC**

            **Plaintiff,**

      **v.**

**ADCONION MEDIA INC.,
ADGOOROO, LLC,
ADKNOWLEDGE, INC.,**                    Civil Action No. _____
**AMAZON WEB SERVICES, LLC,
AMAZON.COM, INC.,**                     **JURY TRIAL DEMANDED**
**APOLLO GROUP, INC.,
EMC CORPORATION,
GROUPON, INC.,
HULU, LLC,
JIWIRE, INC.,
SAMSUNG ELECTRONICS USA, INC.,
SAMSUNG SDS AMERICA, INC.,
SRA INTERNATIONAL, INC.,
TELENAV, INC., and
TWITTER, INC.,**
            **Defendants.**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Parallel Iron, LLC, ("Parallel Iron") files this complaint for patent infringement

against Defendants Adconion Media Inc., AdGooroo, LLC, Adknowledge, Inc., Amazon Web

Services, LLC, Amazon.com, Inc., Apollo Group, Inc., EMC Corporation, Groupon, Inc., Hulu,

LLC, JiWire, Inc., Samsung Electronics USA, Inc., Samsung SDS America, Inc., SRA

International, Inc., TeleNav, Inc., and Twitter, Inc. (collectively, "Defendants"):

## PARTIES

1.      Plaintiff Parallel Iron is a Texas limited liability company.

2.      On information and belief, Defendant Adconion Media Inc. ("Adconion") is a

Delaware corporation with its principal place of business at 3301 Exposition Boulevard, Santa

Monica, California 90404.  Adconion may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3.      On information and belief, Defendant AdGooroo, LLC ("AdGooroo") is a Delaware limited liability company with its principal place of business at 1030 North Kingsbury, Chicago, Illinois 60610.  AdGooroo may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

4.      On information and belief, Defendant Adknowledge, Inc. ("Adknowledge") is a Delaware corporation with its principal place of business at 4600 Madison, Tenth Floor, Kansas City, Missouri 64112.  Adknowledge may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5.      On information and belief, Defendant Amazon Web Services, LLC is a Delaware limited liability company with its principal place of business at 10 Terry Avenue North, Seattle, Washington 98109.  Amazon Web Services, LLC may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6.      On information and belief, Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business at 10 Terry Avenue North, Seattle, Washington 98109.  Amazon.com, Inc. may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7.      On information and belief, Defendant Apollo Group, Inc.("Apollo Group") is an Arizona corporation with its principal place of business at 4025 S. Riverpoint Parkway, Phoenix, Arizona 85040.  Apollo Group may be served via its registered agent, Corporate Service Company, 2338 W. Royal Palm Road, Suite J, Phoenix AZ 85021.

8.     On information and belief, Defendant EMC Corporation ("EMC") is a Massachusetts corporation with its principal place of business at 176 South Street, Hopkinton, Massachusetts 01748.  EMC may be served via its registered agent, CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110.

9.     On information and belief, Defendant Groupon, Inc.("Groupon") is a Delaware corporation with its principal place of business at 600 West Chicago Avenue, Suite 620, Chicago, Illinois 60610.  Groupon may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

10.     On information and belief, Defendant Hulu, LLC ("Hulu") is a Delaware limited liability company with its principal place of business at 12312 W. Olympic Boulevard, Los Angeles, California 90064.  Hulu may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

11.     On information and belief, Defendant JiWire, Inc. ("JiWire") is a Delaware corporation with its principal place of business at 220 Sansome Street, San Francisco, California 94104.  JiWire may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

12.     On information and belief, Defendant Samsung Electronics USA, Inc. is a Delaware corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Electronics USA, Inc. may be served via its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801..

13.     On information and belief, Defendant Samsung SDS America, Inc. is a California corporation with its principal place of business at 250 Moonachie Road, Moonachie, New Jersey

07074.  Samsung SDS America, Inc may be served via its registered agent, Jong Moo Bae, 100 Challenger Road, Ridgefield Park, NJ 07660.

14.     On information and belief, Defendant SRA International, Inc. ("SRA") is a Delaware corporation with its principal place of business at 4300 Fair Lakes Court, Fairfax, Virginia.  SRA may be served via its registered agent, Registered Agent Solutions, Inc., 1679 S. DuPont Highway, Suite 100, Dover, Delaware 19901.

15.     On information and belief, Defendant TeleNav, Inc.("TeleNav") is a Delaware corporation with its principal place of business at 1130 Kifer Road, Sunnyvale, California 94086. TeleNav may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

16.     On information and belief, Defendant Twitter, Inc. ("Twitter") is a Delaware corporation with its principal place of business at 795 Folsom Street, Suite 600, San Francisco, California 94107.  Twitter may be served via its registered agent, Incorporating Services, Ltd., 3500 South DuPont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

17.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

18.     On information and belief, each of the Defendants is subject to this Court's jurisdiction because each of the Defendants has transacted business in the District and in the State of Delaware.  Specifically, each Defendant either directly and/or through intermediaries, on information and belief, ships, distributes, offers for sale, sells (including via the provision or use of such services over the Internet) products and services in this District.   Additionally,

Defendants Adconion, AdGooroo, Adknowledge, Amazon, Groupon, Hulu, JiWire, SRA, TeleNav, and Twitter are entities organized and existing under the laws of the State of Delaware. On information and belief, each Defendant thus has minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

19.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

## FACTUAL BACKGROUND

20.     Parallel Iron is the owner by assignment of United States Patent No. 7,415,565 ("the '565 patent") entitled "Methods and Systems for a Storage System With a Program-Controlled Switch for Routing Data." The '565 patent was duly and legally issued by the United States Patent and Trademark Office on August 19, 2008. A true and correct copy of the '565 patent is attached as Exhibit A.

21.     The '565 Patent covers technology that created a new way of storing massive amounts of information across multiple memory devices that allows the storage system to track the information and quickly retrieve it.

## CAUSES OF ACTION

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,415,565

22.     Parallel Iron alleges and incorporates by reference paragraphs 1-21 above.

23.     Upon information and belief, Defendant Adconion has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling

a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '565 patent, Adconion has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

24.     Upon information and belief, Defendant AdGooroo has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, AdGooroo has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

25.     Upon information and belief, Defendant Adknowledge has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Adknowledge has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

26.     Upon information and belief, Defendants Amazon Web Services, LLC and Amazon.com, Inc. (together "Amazon") have infringed and continue to infringe the '565 patent

in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Amazon has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

27.     Upon information and belief, Defendant Apollo Group has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Apollo Group has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

28.     Upon information and belief, Defendant EMC has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, EMC has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

29.     Upon information and belief, Defendant Groupon has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Groupon has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

30.     Upon information and belief, Defendant Hulu has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Hulu has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

31.     Upon information and belief, Defendant JiWire has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, JiWire has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

32.     Upon information and belief, Defendants Samsung Electronics USA, Inc. and Samsung SDS America, Inc. (together "Samsung") have infringed and continue to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Samsung has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

33.     Upon information and belief, Defendant SRA has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, SRA has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

34.     Upon information and belief, Defendant TeleNav has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or

more claims of the '565 patent, TeleNav has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

35.     Upon information and belief, Defendant Twitter has infringed and continues to infringe the '565 patent in the State of Delaware, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale and/or selling a file storage system, including at least a Hadoop Distributed File System, which is covered by one or more claims of the '565 patent.  By making, using, importing, offering for sale, and/or selling such apparatuses, and all like products and related services that are covered by one or more claims of the '565 patent, Twitter has injured Plaintiff and is thus liable to Plaintiff for infringement of the '565 patent pursuant to 35 U.S.C. §271.

36.     As a result of these Defendants' infringement of the '565 patent, Parallel Iron has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the Defendants' use of the invention, together with interest and costs as fixed by the Court.  Parallel Iron will continue to suffer these monetary damages in the future unless Defendants' infringing activities are enjoined by this Court.

37.     Parallel Iron will be irreparably harmed unless this Court issues a permanent injunction enjoining the infringement of '565 patent by these Defendants and officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others who are in active concert or participation with them.

## PRAYER FOR RELIEF

For the above reasons, Parallel Iron respectfully requests that this Court enter:

1.     A judgment in favor of Parallel Iron that Defendants have infringed, directly and jointly, the '565 patent;

2.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, inducing the infringement of, or contributing to the infringement of the '565 patent;

3.      A judgment and order requiring Defendants to pay Parallel Iron its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '565 patent as provided under 35 U.S.C. § 284; and

4.      Any and all other relief to which Plaintiff Parallel Iron may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff Parallel Iron, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: September 9, 2011

OF COUNSEL:

**SNR DENTON US LLP**
Mark L. Hogge
Shailendra Maheshwari
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC 20005-3364
mark.hogge@snrdenton.com
shailendra.maheshwari@snrdenton.com
T: (202) 408-6400
F: (202) 408-6399


Basheer Y. Ghorayeb
2000 McKinney Avenue
Suite 1900
Dallas, TX 75201-1858
basheer.ghorayeb@snrdenton.com
T: (214) 259-0900
F: (214) 259-0910

**BAYARD, P.A.**

 /s/ Richard D. Kirk (rk0922)
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE  19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
(302) 655-5000

***ATTORNEYS FOR PLAINTIFF***
***PARALLEL IRON, LLC***